IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GARY KENDAHL PEOPLES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-1477 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**ORDER OF DISMISSAL**

State inmate Gary Kendahl Peoples, proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging his prison disciplinary conviction. Federal courts are authorized to dismiss federal habeas petitions where it plainly appears that the petitioner is not entitled to relief. See 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Having reviewed the petition and the applicable law, the Court DISMISSES this habeas petition for failure to state a cognizable federal habeas claim.

Petitioner reports that he received a disciplinary conviction on November 30, 2010, and was punished with fifteen days solitary confinement, reduction in line class status, temporary loss of recreation and commissary privileges, and cell restrictions. He reports that he is not eligible for mandatory supervised release and that he did not lose any accrued good time credit. He states that his Step 1 and Step 2 appeals of the conviction were denied.

Petitioner claims that his rights to procedural due process were violated during the disciplinary hearing and that the evidence is insufficient to support the conviction. Because petitioner did not lose good conduct time as a result of the disciplinary conviction, due process concerns were not implicated. *See Sandin v. Conner*, 515 U.S. 472 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). Prison officials were not required to afford petitioner due process at the disciplinary hearing, and petitioner's claims are without merit.

Regardless, the loss of recreation and commissary privileges, and temporary cell restrictions and solitary confinement, do not implicate any due process concerns for purposes of an inmate's disciplinary conviction punishment. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). Similarly, a reduction in good time earning status does not implicate a protectable liberty interest. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

The petition is DISMISSED for failure to state a cognizable federal habeas claim. Any and all pending motions are DENIED AS MOOT. A certificate of appealability is DENIED.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on April 19, 2011.

_____
Gray H. Miller
United States District Judge